**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE**

*"Electronically Filed"*

**CIVIL ACTION NO.:  7:07-CV-52-GFVT**

**BUFFALO DEVELOPMENT, INC.,**                               **PLAINTIFF**


                                         **MEMORANDUM IN**
**vs:**                            **SUPPORT OF MOTION TO REMAND**



**COLUMBIA GAS TRANSMISSION CORPORATION;
McCOY ELKHORN COAL CORPORATION;
COMBS BROTHERS INVESTMENTS COMPANY;
DONALD H. COMBS; STEVEN D. COMBS; and, R.P.
COMBS, LLC**                                    **DEFENDANTS**

             Plaintiff, Buffalo Development, Inc. ("BDI"), for its Memorandum in support

of its Motion to Remand this case to State Court, states as follows:


                           **REMAND**

             1.  If, at any time, before a final judgment, it appears that a case was removed

improvidently, and without jurisdiction, 28 U.S.C. Sec. 1447(c) directs the Federal District

Court to remand that case to the State Court.  Such a remand is normally effected by a

plaintiff's Motion to Remand.  **Wilson v. Republic Iron & Steel Co,** **(1921) 257 U.S. 92, 66

L Ed 144, 42 S Ct 35.**   Absent a Motion to Remand by a plaintiff, the Court may act *sue

sponte* and remand a case to State Court.  **McNutt v. General Motors Acceptance Corp.

(1936) 298 U.S. 178, 80 L Ed 1135, 56 S Ct 780.**

## WHAT THE COURT MAY CONSIDER
## ON A MOTION FOR REMAND

A motion for remand authorizes a court to consider the entire record before it, in determining whether the jurisdictional prerequisites for removal have been met.  In determining whether a case should be remanded, it should first be ascertained if a removable claim is asserted in the initial pleading in the case.  **Hopkins Erecting Company v. Briarwood Apartments of Lexington,** **(1981, Ed Ky) 517 F Supp 243.**

In making its determination, the court must consider the pleadings as framed at the time of removal.

## BURDEN OF PROOF

No hearing is required for a remand where the removal petition is clearly defective on its face.  And, the removing defendant has the burden of proof as to all controverted issues.  **2nd Circuit – Jerro v. Home Lines, Inc., (1974, SD NY) 377 F Supp 670; 4th Circuit – J. J. Ryan & Sons, Inc., v. Continental Ins. Co., (1974, DC SC) 369 F Supp 692; 5th Circuit – Wilson v. New York Terminal Warehouse Co., (1975 MD Ala) 398 F Supp 1379; 7th Circuit – P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., (1968, CA7 Ill) 395 F2d 546; Jones v. General Tire & Rubber Co., (1976, CA7 Ind) 541 F2d 660; 8th Circuit – Lassiter v. State Farm Mut. Auto. Ins. Co., (1974, ED Ark) 371 F Supp 1221.**

And, most importantly, a party seeking removal on the basis of diversity of citizenship has the burden of proving that the action is wholly between citizens of different states.  **Green v. Mutual of Omaha, (1982, ND Cal) 550 F Supp 817.**

It is well recognized among the Federal Circuits that it is the Court's duty to remand a case to State Court, if, at any time after removal, it appears that Federal District Court lacks subject matter jurisdiction. **2ⁿᵈ Circuit – <u>Harris v. Stroudsburg Fur Dressing Corp.,</u> (1975, SD NY) 389 F Supp 226; 5ᵗʰ Circuit – <u>Federal Land Bank v. Cotton,</u> (1975, ND Ga) 410 F Supp 169; 7ᵗʰ Circuit – <u>Jones v. General Tire & Rubber Co.,</u> (1976, CA7 Ind) 541 F2d 660**. That means, remand is mandated where:

1. Removal is sought on the grounds of the presence of a federal question, but no federal question appears on the face of the removal petition.

2. The Federal cause of action upon which removal is based, is dropped from a case recently removed, and the remaining state law claims remain unsettled.

3. Diversity of citizenship either is lacking initially, **<u>Knapp v. Railroad Co.,</u> (1847) 87 U.S. 117, 22 L Ed 328; <u>Jackson v. Allen,</u> (1889) 132 U.S. 27, 33 L Ed 249, 10 S Ct 9.** Or, if diversity of citizenship is destroyed by the addition of other parties after removal. **<u>Harper Financial Corp. v. Hanson Oil Corp.,</u> (1975 WD Tenn) 6ᵗʰ Cir. 403 F Supp 1405.**

4. **Not all of the defendants served in the State proceeding join in the petition for removal. <u>Committee of Interns and Residents v. New York State Labor Relations Board,</u> (1976, FD NY) 420 F Supp 826.**

### <u>MULTIPLE DEFENDANT CASES</u>

In cases involving multiple defendants, a petition must show that each of the defendants desires, and is eligible for, removal. **4ᵗʰ Circuit – <u>Baldwin v. Perdue, Inc.,</u> (1978, ED Va) 451 F Supp 373; 5ᵗʰ Circuit – <u>Tri-Cities Newspapers, Inc., v. Tri-Cities Printing Pressmen & Assistants' Local 349, Etc.,</u> (1970 CA5 Ala) 427 F2d 325, 74 BNA LRRM 2285, 62 CCH LC ¶ 10890; 7ᵗʰ Circuit - <u>P. P. Farmers' Elevator Co. v. Farmers</u>**

**Elevator Mut. Ins. Co.,** **(1968, CA7 Ill) 395 F2d 546; Perrin v. Walker,** **(1974, ED Ill) 385 F Supp 945, 19 FR Serv 2d 1258; 9th Circuit – Transport Indem. Co. v. Financial Trust Co.,** **(1972, CD Cal) 339 F Supp 405.**  Where any of the defendants fail either to join in the petition, or to file one of his or her own, the petition which has been filed will be insufficient on its face to perfect removal.  **Wallis v. Southern Silo Co.,** **(1973, ND Miss) 369 F Supp 92.**  Likewise, if any defendant is ineligible for removal, such removal will be improper for all.  **Baldwin v. Perdue, Inc.,** **(1978 ED Va) 451 F Supp 373.**  And finally, a petition for removal is defective if only two of several defendants join in the petition, and the Court cannot determine, from the petition, whether the State Court has acquired jurisdiction over all defendants.  **Estate of Fitzpatrick v. Brehm,** **(1984, WD Ark) 580 F Supp 731.**

In this case, not all other defendants have joined in the removal.  McCoy Elkhorn is the only defendant which has filed a Consent and Joinder in Removal.

## THERE IS NO FEDERAL QUESTION

Defendant, Columbia's, assertion in Paragraph 8 of its Notice of Removal, that, "plaintiff's claim for a 'taking' arises – if at all – under federal law (specifically, the Fifth Amendment), or 28 U.S.C. Sec. 1358", is wrong.  Under Kentucky law, the rule is that, when an entity possessing the power of "eminent domain" enters upon the premises of a landowner, the exclusive remedy of the landowner is based on the Kentucky Constitution, Sec. 242, which provides that "just compensation for the property taken" shall be made.  This remedy is frequently referred to as "reverse condemnation".  **Witbeck v. Big Rivers Rural Electric Cooperative Corp.,** **Ky. App., 412 S.W.2d 265 (1967); Chesapeake & O. Ry. Co.,**

4

**v. Wadsworth Electrical Mfg. Co., 29 S.W.2d 650; Kentucky and West Virginia Power Co., v. VanHoose, 174 S.W.2d 583; Eversole v. Morgan Coal Co., Ky. 297 S.W.2d 51; Young v. Tennessee Gas and Transmission Co., Ky., 367 S.W.2d 270.** The measure of damages in such cases is the same as in condemnation cases. **Harlan County v. Cole, Ky., 292 S.W.2d 501; Franklin County v. Bailey, Ky., 63 S.W.2d 622; Mercer County v. Ballinger, Ky. 35 S.W.2d 856; Commonwealth, Department of Highways v. Gisborne, Ky., 391 S.W.2d 714.** Accordingly, your plaintiff, BDI, is entitled to damages for its "surface estate" and its "coal estate", from Columbia for its refusal to relocate its gas line after the Notice required in the "<u>License</u> Agreement".

## THERE IS NO DIVERSITY

This case should be remanded for lack of federal jurisdiction. There is no diversity of citizenship between the parties to this litigation. The plaintiff, and all of the remaining defendants, are residents of Kentucky. Subject matter jurisdiction cannot be conferred upon a Federal Court by consent of the parties. Therefore, even though the defendant, McCoy Elkhorn, has joined in the removal, there, nevertheless, is an absence of diversity jurisdiction.

## CONCLUSION

1. There is no diversity of citizenship between all of the parties to this action.

2. All of the defendants did not join in the Notice of Removal.

3. BDI is entitled to assert its "reverse condemnation" action under the

Kentucky Constitution, Sec. 242, and applicable state case law, against Columbia in the

Kentucky State Courts.

   For all of said reasons, this case should be remanded to the State Court,

because this case was removed "improvidently and without jurisdiction".  28 U.S.C. Sec.

1447(c).

        Respectfully submitted,

        Donald H. Combs, Esq.
        COMBS & COMBS, P.S.C.
        P. O. Drawer 31
        Pikeville, Kentucky  41502
        (606) 437-6226


       By:  /s/ Donald H. Combs, Esq.
        Attorneys for Plaintiff, BDI

### CERTIFICATE OF SERVICE

   I hereby certify that on the 1st day of May, 2007, I electronically filed the

foregoing document with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to:

Nora Clevenger Price, Esq.
Chase Tower
1000 Fifth Avenue, Suite 250
P. O. Box 2195
Huntington, West Virginia  25701
Attorney for Plaintiff

Steven P. McGowan, Esq.
Steptoe & Johnson, PLLC
Eighth Floor, Chase Tower
P. O. Box 1588
Charleston, West Virginia  25326-1588
Attorney for Plaintiff

J. Scott Kreutzer, Esq.
Baird & Baird, P.S.C.
P. O. Box 351
Pikeville, Kentucky  41502
Attorney for Defendant, McCoy Elkhorn Coal Corp.

and I mailed the foregoing document and the notice of electronic filing to:

Combs Brothers Investments Company
Donald H. Combs
Steven D. Combs
R.P. Combs, LLC
P. O. Drawer 31
Pikeville, Kentucky  41502

/s/ Donald H. Combs, Esq.
Attorney for Defendant